**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

MICHAEL KEITH LAMBERT, #338302,

    Petitioner,

v.                                                         ACTION NO. 2:06cv631

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

<u>FINAL ORDER</u>

    This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's conviction on June 1, 2004, in the Circuit Court of Prince William County, Virginia, for second degree murder and use of a firearm in the commission of a felony. Petitioner was sentenced to serve a total of forty-three (43) years imprisonment (forty (40) years on the murder charge, and three (3) years on the firearm charge), with thirteen (13) years suspended, for a total active sentence of thirty (30) years.

    The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the Magistrate Judge was filed on July 24, 2007 ("Magistrate

Judge's Report"), denying Petitioner's request for appointment of counsel and motion for an evidentiary hearing and recommending dismissal of the petition. Specifically, the Magistrate Judge found that: claims I(a), I(c)-I(e), II(a)-II(d), II(g), II(h), II(j)-II(m), III(a), IV, VI(a)-VI(c) and VII (collectively, "the 20-defaulted claims") were procedurally defaulted; claim V was not cognizable in federal habeas; and claims I(b), II(e), II(f), II(i) and III(b) (five (5) claims in all) should be dismissed on the merits. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On September 4, 2007,[1] the Court received Petitioner's Objections to the Magistrate Judge's Report and Recommendations [sic] ("Petitioner's Objections"). The Court received no response from Respondent.

The Court, having reviewed the record and examined the objections filed by Petitioner to the Magistrate Judge's Report,[2]

---

[1] Petitioner's Motion for Enlargement of Time was received and filed by the Court on August 6, 2007 and granted on August 8, 2007, extending the time to file his objections to the Magistrate Judge's Report until August 31, 2007. Though Petitioner's Objections were received and filed after that deadline, on September 4, 2007, it appears that Petitioner attempted to comply with the Court's direction since he apparently executed and sought to mail the objections before the Court's deadline on August 28, 2007.

[2] Petitioner's Objections comprise 63 typed pages contesting the Magistrate Judge's denial of his motions for an evidentiary hearing and for appointment of counsel and the recommendation of the dismissal of each of his 26 habeas claims. In these objections, Petitioner largely restates the assertions in his voluminous petitions and supporting briefs as previously considered and

and having made <u>de novo</u> findings with respect to the portions objected to,[3] does hereby ADOPT AND APPROVE the findings and recommendations set forth in the Magistrate Judge's Report filed on July 24, 2007, and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED.  It is further ORDERED that judgment be

---

addressed by the Magistrate Judge in making his recommendations.

   [3]Specifically, Petitioner has not overcome the Magistrate Judge's findings with respect to the 20-defaulted claims, nor has he established any of the limited exceptions to excuse the procedural default of those claims.  The Court does note that Petitioner did not specifically object to the Magistrate Judge's findings with respect to three (3) of the 20-defaulted claims (claims I(d), II(k) and VII), nor did he object to the recommended dismissal of claim V as being noncognizable or the recommended dismissal of claim II(i) on the merits.
   With respect to claims I(b), II(e), II(f) and III(b), which the Magistrate Judge recommended should be dismissed on the merits, Petitioner's objections are without merit.  As to claim I(b), the Court rejects Petitioner's conclusory assertions that counsel's performance was deficient under <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) for failure to file motion to suppress.  As to claims II(e) and II(f), the Court rejects Petitioner's assertions that his claims "render the [guilty] plea invalid" and that the Circuit Court misapplied <u>Anderson v. Warden</u>, 222 Va. 511 (1981), in rejecting his claims. Petitioner's Objections, at 43, 46.  As the Magistrate Judge noted, the Fourth Circuit has held that a petitioner is bound by the representations made during his guilty plea colloquy, absent clear and convincing evidence to the contrary.  Magistrate Judge's Report, at 36-37 (citing <u>Beck v. Angelone</u>, 261 F.3d 377, 396 (4th Cir. 2001), and <u>Burket v. Angelone</u>, 208 F.3d 172, 191 (4th Cir. 2000)).  Petitioner has not met this exacting standard.  Magistrate Judge's Report, at 40-41.  As to claim III(b), the Court further rejects Petitioner's conclusory assertions that counsel was ineffective for failing to either advise Petitioner of his right to appeal or to file a notice of appeal on Petitioner's behalf insofar as Petitioner failed to meet the standard for such claims set forth in <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 480 (2000), Magistrate Judge's Report, at 47-54, and which was mentioned only in passing by Petitioner, Petitioner's Objections, at 63.

entered in favor of Respondent.

Petitioner may appeal from the judgment entered pursuant to this <u>final order</u> by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.  <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to Petitioner and to counsel of record for Respondent.

                                              _/s/ Rebecca Beach Smith_____
                                                    UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

September 19, 2007